

**Wiley Rein** LLP

1776 K STREET NW
WASHINGTON, DC 20006
PHONE 202.719.7000
FAX 202.719.7049

7925 JONES BRANCH DRIVE
McLEAN, VA 22102
PHONE 703.905.2800
FAX 703.905.2820

www.wileyrein.com

RECEIVED
MAR 2 4 2008
HAROLD BAER
U.S. DISTRICT JUDGE
S.D.N.Y.

March 24, 2008

Thomas W. Kirby
202.719.7062
tkirby@wileyrein.com

Hon. Harold Baer, Jr.
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street Chambers 2230
New York, NY 10007

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/2-7/08

Re:    Kaplan v. Chou, No. 07CV10677

Dear Judge Baer:

During the telephonic PTC on Thursday afternoon, Your Honor directed me to submit a short letter motion identifying authority for allowing discovery to identify Doe copyright defendants before they have been served and, hence, before a Rule 26(f) discovery conference can occur. As this letter explains, Rule 26(d) grants the Court broad authority to authorize such early discovery, and such orders have become "routine" where, as here, Internet copyright infringement clearly is occurring but the anonymous John Doe infringers are hard to identify.

*Background*

Plaintiff Kaplan provides training to medical students preparing for certification tests. Its materials are copyrighted and access to them is expensive. As attachments to the First Amended Complaint demonstrate, pirated copies of the Kaplan materials are being sold on the Internet. However, despite diligent efforts over many months, Kaplan has experienced great difficulty in identifying the persons responsible. Kaplan has additional leads to follow, such as money trails from purchases of infringing material, but many third parties that have relevant information say that they will provide it only in response to a subpoena.

Kaplan managed to identify Defendant Benny Chang (who participated in the PTC) as being involved on the periphery of the scheme. He identified a more involved party, Defendant Chou. In the First Amended Complaint, Kaplan named Chou as one of the Doe defendants and is making ongoing -- though so far unsuccessful -- efforts to serve him. However, the identity of the other Doe defendants remains obscure, our time to make service is slipping away, and in the meantime, seriously damaging copyright piracy continues.

*Legal Authority*

At one time federal discovery could commence after a complaint was filed. Rule 26(d) changed that, providing that "except when authorized under these rules *or by*


Hon. Harold Baer, Jr.
March 24, 2008
Page 2

*order* or agreement of the parties, a party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)." Thus, the Rule recognizes that the Court may authorize earlier discovery, and it imposes no limits on the Court's broad discretion over discovery.

Because Internet copyright infringement is resistant to other forms of investigation, approving early "discovery to allow the identify of 'Doe' defendants [to be determined] is 'routine'" in cases of Internet infringement. *LaFace Records, LLC v. Does 1-5*, 2007 WL 2867351, *2 (W.D. Mich. 2007) (noting 14 similar orders). See *Warner Bros. Records, Inc. v. Does 1-6*, 527 F.Supp.2d 1, 2 (DDC 2007) (in "copyright infringement cases ... against Doe defendants, courts have consistently granted plaintiffs leave to take expedited discovery"); *Atlantic Recording Co. v. Does 1-3*, 371 F. Supp. 2d 377 (W.D.N.Y. 2005) (authorizing expedited discovery "to obtain the identify of each John Doe defendant"). See *Valentin v. Dinkins*, 121 F.3d 72, 75-76 (2d Cir. 1997) (collecting authority and ruling that discovery to identify defendants is proper when conventional investigation fails).

Some courts have required a preliminary showing that infringement is occurring, that defendants are suffering prejudice, and that other modes of investigation have been attempted. The Court inquired concerning those subjects at the PTC. I believe the facts recounted in the First Amended Complaint and its attachments and those recited during the PTC, including the Mr. Chang's acknowledgment that he does not know the identity of the infringers other than Mr. Chou should suffice.

Accordingly, Kaplan respectfully requests a Rule 26(d) order authorizing Kaplan to commence discovery for the limited purpose of identifying the Doe defendants responsible for the infringement. To avoid potential unfairness, Kaplan proposes that persons who may be Doe defendants be excused from responding to discovery until 20 days after they have been served with process or have waived such service, thus allowing them time to conduct a prompt Rule 26(f) conference with Kaplan and submit a discovery report to the Court. Mr. Chang consents to this motion.

Sincerely yours,

Thomas W. Kirby

Cc: Defendant Benny Chang (pro se)

3/27/08 This application exclusively for the purpose to discover interest in the last IP and also in the last IP. Movant believes an order to draft is necessary & a welcome

SO ORDERED

USDJ

Endorsement:

     This application or letter motion is granted exclusively for the purpose in the last paragraph and with the caveat re responding to discovery also in the last paragraph.  If movant believes an order is necessary it is welcome to draft one.  I don't.