UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
KAPLAN, INC.,

       Plaintiff,    07cv10677(HB)

 -against-

                ORDER

KENNETH CHOU,
JASON HANSON, DOES 2 through 20, AND
UNKNOWN ENTITY d/b/a, USMLEPRO,
USMLE TEST CENTER, INC., and SIMILAR
NAMES,

       Defendants.
------------------------------------------------------------x



**Hon. HAROLD BAER, Jr., District Judge:**

  WHEREAS, on November 29, 2007, Plaintiff Kaplan, Inc. ("Plaintiff" or "Kaplan") commenced this action with a Complaint, seeking damages and injunctive relief against various named defendants and Defendants "Does 1 through 20," from infringing website sales of its copyrighted and trademarked medical course instructional DVD's and books; and,

  WHEREAS, Plaintiff subsequently determined Defendant Kenneth Chou ("Defendant" or "Chou") to be "Doe 1," and filed a First Amended Complaint on March 6, 2008 naming him as a defendant; and,

  WHEREAS, Chou, through counsel, acknowledged that he was validly served with process and voluntarily appeared as a defendant in this action; and,

  WHEREAS, Plaintiff filed a Request to Enter Default against Chou on May 6, 2008; and,

  WHEREAS, Defendant never answered the First Amended Complaint, sought relief from the Clerk's Certificate of default against him, or responded to discovery served upon him; and,

  WHEREAS, in November 2008, Plaintiff and Defendant engaged in settlement negotiations that ultimately did not lead to a resolution of this matter; and,

  WHEREAS, after settlement negotiations concluded without resolution, Plaintiff notified Chou of his outstanding discovery obligations and also served additional discovery requests upon him; and,

1

WHEREAS, on December 18, 2008, Chou, now appearing *pro se*, wrote to the court, acknowledged again that he had been served, was aware of this action, and claimed to be seeking new counsel to represent him; and,

WHEREAS, after the December 18, 2008 letter, Chou took no further action to defend himself in this action other than a limited opposition to the pending default judgment motion on September 23, 2009; and,

WHEREAS, Plaintiff now moves for a default judgment against Chou, specifically requesting four hundred and fifty thousand dollars ($450,000.00) in statutory damages, a permanent injunction barring Chou from reproducing or distributing Plaintiff's copyrighted and trademarked works, and attorney's fees and costs in the amount of one hundred and fifty thousand dollars ($150,000.00); and,

WHEREAS, pursuant to Rule 55 of the Federal Rules of Civil Procedure, a District Court may enter a default judgment against a party against whom a judgment for affirmative relief is sought, and that party has "failed to plead or otherwise defend," *see* Fed.R.Civ.P. 55; and,

WHEREAS, a District Court may enter a default judgment, including a judgment for damages, without a hearing where the Defendant was provided notice of the default and there is an adequate basis in the record to make such a determination, *see Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp.*, 109 F.3d 105, 111 (2d Cir. 1997) ("it is not necessary for the District Court to hold a hearing, as long as it ensured that there was a basis for the damages specified in the default judgment.") (internal quotations and citations omitted); and,

WHEREAS, Kaplan owns a valid copyright for its medical test preparation materials that are registered with the U.S. Copyright Office, having Registration Certificate numbers PA 1-343-468, PA 1-352-362, PA 1-352-949, PA 1-352-948, PA 1-359-951, PA 1-343-467, PA 1-352-952, PA 1-352-953, PA 1-352-950, PA 1-352-356, TX 6-465-532, TX 6-465-539, TX 6-465-538, TX 6-465-535, TX 6-465-536, TX 6-465-533, TX 6-465-534; and (b) valid "Kaplan" trademarks registered with the U.S. Trademark Office as numbers 1,822,683; 2,145,904; and 3,366,941; and,

WHEREAS, this Court has jurisdiction of the subject matter of this action and of the person of Defendant Chou; and,

WHEREAS, Chou does not object to Plaintiff's motion for a permanent injunction; and,

WHEREAS, pursuant to 17 U.S.C. § 504(c)(1), in lieu of actual damages, a copyright owner may elect to recover statutory damages "in a sum of not less than $750 or more than $30,000 as the court considers just" for the infringement of each copyrighted work; and,

WHEREAS, pursuant to 17 U.S.C. § 504(c)(2), "[i]n a case where the copyright owner sustains the burden of proving, and the court finds, that infringement was committed willfully, the court in its discretion may increase the award of statutory damages to a sum of not more than $150,000" for each willfully infringed work; and,

WHEREAS, this Court has wide discretion in determining the appropriate damages within the specified statutory ranges of § 504(c), *see, e.g., Fitzgerald Publishing Co. v. Baylor Publishing Co.*, 807 F.2d 1110, 1116 (2d Cir. 1986); *N.A.S. Import, Corp. v. Chenson Enter., Inc.*, 968 F.2d 250, 253 (2d Cir. 1992); and,

WHEREAS, the determination of whether a defendant's infringement is "willful" sufficient to increase statutory damages under § 504(c)(2) is a factual determination within the discretion of this Court, *see GMA Accessories, Inc. v. Olivia Miller, Inc.*, 139 Fed. Appx. 301, 303 (2d Cir. 2005); and,

WHEREAS, the infringement is "willful" if the defendant had "knowledge that its actions constitute an infringement," and said knowledge may be actual or constructive, *see N.A.S. Import,* 968 F.2d at 252; and,

WHEREAS, in addition to willfulness, other factors a district court should consider in determining an appropriate award for copyright infringement include "the expenses saved and the profits reaped" by the infringer, the revenues lost by Plaintiff, the value of the copyright, the potential for "discouraging the defendant", the deterrent effect on others, and whether the defendant cooperated in providing particular records from which to assess the value of the infringing material produced, *see Fitzgerald Publishing,* 807 F.2d at 1117; and,

WHEREAS, Kaplan alleges that Chou willfully infringed their copyrights in 17 works of test preparation materials by knowingly distributing the copyrighted works over the internet for a profit, and provides detailed affidavits to support these factual allegations; and,

WHEREAS, in his response to this motion, Chou does not dispute Kaplan's allegation that he infringed certain copyrights, nor that his infringement was willful; and,

WHEREAS, Defendant only disputes the number of works allegedly infringed; that since these works are part of the same program, they can be treated as a single work for damages purposes; and,

3

WHEREAS, contrary to Chou's argument, compilations of multiple separate copyrights are usually treated as separate works for purposes of § 504(c)(1), and Defendant has otherwise failed to establish sufficient "overlap" of the materials to justify treatment as a single work, *see WB Music Corp. v. RTV Commc'n Group, Inc.*, 445 F.3d 538, 540-41 (2d Cir. 2006); and,

WHEREAS, absent Chou's "single work" defense, Defendant otherwise concedes that he infringed at least 10 works by distribution on his website, *see* Def.'s Opp. Br. at 15 ("Plaintiff's investigators were only able to obtain 10 parts from Mr. Chou's website."); and,

WHEREAS, Chou further argues that $450,000.00 in statutory damages is excessive because, among other things, he cooperated to some degree with Plaintiff by appearing for a deposition in August 2008, made a good-faith effort to settle the case, that his profits on the infringement were smaller than claimed by Plaintiff, and that he has already been significantly punished for his actions because he was expelled from medical school; and,

WHEREAS, based on the record before me, I find that the infringement was willful, Chou made substantial profits of between $100,000.00 and $200,000.00, Kaplan potentially lost hundreds of thousands in revenue from this infringement, and that 10 works were infringed by Defendant; and,

WHEREAS, this Court has significant "equitable discretion" to award attorney's fees because "there is no precise rule of or formula for determining a proper attorney's fees award," *see GMA Accessories,* 139 Fed. Appx. at 304, but this determination should be based upon the number of hours expended, a reasonable hourly rate as compared to the prevailing market rates for comparable attorneys of comparable skill, and that the attorney should submit documentation to support this determination, *see, e.g., Hensley v. Eckerhart*, 461 U.S. 424, 433 (1988); *New York State Ass'n for Retarded Children, Inc. v. Carey*, 711 F.2d 1136 (2d Cir. 1983); and,

WHEREAS, Plaintiff has submitted a declaration that shows counsel billed a total of $237, 212.00 at rates of between $360.00 to $524.00 from 2007 to 2009, and has provided detailed billing records of the work performed on this matter for those fees; it is hereby

**ORDERED**, that in light of Chou's willful infringement, Plaintiff shall have and recover from Chou, statutory damages pursuant to 17 U.S.C. § 504(c)(1), increased for the admission of willfulness as described in § 504(c)(2). For these reasons, Plaintiff is awarded the sum of $250,000.00, or $25,000.00 for each of the 10 works that were definitely infringed. By agreement, no separate trademark damages are awarded; and it is further

4

**ORDERED**, that based on the facts described above and in the pleadings, Plaintiff shall recover from Defendant attorneys fees and expenses and costs in the sum of $150,000.00; and it is further

**ORDERED**, that to prevent irreparable injury, Chou and anyone acting in concert with him who have knowledge of this Judgment, hereby are permanently enjoined on pain of contempt from (a) copying by any means any work that identifies Plaintiff Kaplan, Inc. as a publisher or copyright owner, or that bears the trademark "Kaplan," (b) selling, or offering for sale any copy of any such work, (c) removing or obscuring any notice, mark, or statement referring to Kaplan from any work, or (d) copying, selling, or offering for sale any work as to which such notice, mark, or statement is known to have been removed or obscured; and it is further,

**ORDERED**, that to prevent irreparable injury and unjust enrichment and to protect the public from confusion and exploitation, Plaintiff Kaplan, Inc. is declared the owner of all interests held by Defendant Chou in any domain name, URL or other internet site or address used by him in selling infringing Kaplan, Inc. materials, including "USMLEPRO.COM, USMLEPRO.NET, USMLETESTCENTER.COM, USMLETESTCENTER, INC., USMLE DVD CENTER," and Defendant Chou is ordered to execute such documents, prepared for him by Plaintiff's counsel, as may be reasonably necessary to confirm to Plaintiff all right, title, and interest in the same that are owned by Defendant; and it is further,

**ORDERED**, that claims against all defendants other than Defendant Chou are hereby dismissed without prejudice. Such dismissed parties shall bear their own costs; and it is further,

**ORDERED**, that all other claims or motions in this case are dismissed as moot, and this is the Final Judgment of the Court. The Clerk of the Court is instructed to close all open motions and remove this case from my docket.

**SO ORDERED**
New York, New York
January 14, 2010

_United States District Judge_

5